Keith D. Klein, California Bar No. 184846
keith.klein@bclplaw.com
Kazim A. Naqvi, California Bar No. 300438
kazim.naqvi@bclplaw.com
Jasdeep S. Atwal, California Bar No. 318309
jasdeep.atwal@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
120 Broadway, Suite 300
Santa Monica, California  90401-2386
Telephone:   (310) 576-2100
Facsimile:    (310) 576-2200

Attorneys for Plaintiff
ANDREWS INTERNATIONAL GOVERNMENT SERVICES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREWS INTERNATIONAL GOVERNMENT SERVICES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ANDREWS GLOBAL SECURITY, INC., a California corporation; RANDY ANDREWS, an individual; LEE ANDREWS, an individual; DON ANDERSON, an individual; GEORGE CASILLAS, an individual; JOHN ADAMS, an individual; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> 1. FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1)) <br> 2. CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION; <br> 3. FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTION (15 U.S.C. § 1125(a)); and <br> 4. UNFAIR COMPETITION (Cal. Bus. & Prof. Code §§ 17200 *et seq*.). <br><br> **DEMAND FOR JURY TRIAL** |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

## SUMMARY

1.     Plaintiff Andrews International Government Services, Inc. ("Andrews") and its related entities are the business of providing world-class security services catered to the individual needs of each client.  This Action arises from the commercial exploitation of Andrews's goodwill by several individuals, including USSA's own then-current and former high-ranking officers, who laid the foundation for a business intended to directly compete with Andrews by unlawful means.

2.     In January 2012, American Premier Security, Inc. ("APSI") acquired Andrews Holdings Co. ("AHC"), including ACH's wholly-owned subsidiary, Andrews International, Inc. ("AII") and all of AII's right, title and interest in and to certain intellectual property, including, the ANDREWS INTERNATIONAL® trademark and related marks (the "Andrews Marks").  In or around May 31, 2017, AII merged with and into Andrews, which is the current owner of the Andrews Marks. Since January 2012, Andrews and its predecessors-in-interest have continuously used the Andrews Marks, both directly and through one or more controlled licensees, which the public has come to associate with world-class security services catered to the individual needs of each consumer.

3.     In an attempt to trade off the goodwill associated with the Andrews Marks, Defendants, some of whom were then employed by U.S. Security Associates, Inc. ("USSA"), an affiliate of Andrews, hatched a scheme to develop a competing enterprise which they referred to as "Andrews Global."  The similarity in name between the two entities was anything but coincidental.  Defendants intentionally settled on a name nearly identical to Andrews and the Andrews Marks, which was calculated to confuse consumers into believing that the services provided by "Andrews Global" originate from, are affiliated with, or are otherwise related to Andrews.

4.     Despite demands that Defendants cease their exploitation of the Andrews

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

12510819

Marks, Defendants have refused to do so, leaving Andrews no alternative but to safeguard its rights through this Action.

## JURISDICTION

5. This Court has jurisdiction over the causes of action arising under the Lanham Trademark Act of 1946, as amended, 15 U.S.C. §1051 *et seq.*, pursuant to the provisions of 15 U.S.C. §§ 1114(1) and 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1338(b). This Court also has supplemental jurisdiction over all related state law claims alleged herein pursuant to 28 U.S.C. § 1367(a) because such claims are so related to the claims within this Court's original jurisdiction that they form part of the same case or controversy.

6. Venue lies in this Court pursuant to 28 U.S.C. §1391(b) because defendants Andrews Global Security, Inc., Randy Andrews, Don Anderson, George Casillas and Lee Andrews reside in this District and/or because a substantial part of the events or omissions giving rise to these claims occurred in this District.

## PARTIES

7. Plaintiff Andrews International Government Services, Inc. ("Andrews") is a Delaware corporation with its principal place of business and organization at 200 Mansell Court, Fifth Floor, Roswell, Georgia 30076.

8. Defendant Andrews Global Security, Inc. ("AG") is a California Corporation with its principal place of business and organization at 6133 Bristol Parkway, Culver City, California 90230.

9. Defendant Randy Andrews ("Randy") is an individual who, on information and belief, resides in this District at 624 6th Street, Manhattan Beach, California 90266. Randy was the Chairman, Chief Executive Officer, and President of Andrews International for almost 30 years. At USSA, Randy was USSA's Chief Security Officer and remained the Chief Executive Officer and President of AII until September 24, 2018 (and subsequently Andrews). Randy is now an officer of AG.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

12510819

10. Defendant Don Anderson ("Anderson") is an individual who, on information and belief, resides in this District at 16149 Whitespring Drive, Whittier, California 90604. Anderson formerly served as USSA's Senior Vice President of Special Events and Training. Anderson is now an officer of AG.

11. Defendant George Casillas ("Casillas") is an individual who, on information and belief, resides in this District at 11463 Winchell Street, Whittier, California 90606. Casillas formerly served as USSA's Director of Operations/Recruiting/Client Relations. Casillas is now an officer of AG.

12. Defendant John Adams ("Adams") as an individual who, on information and belief, resides in this District at 258 Rossmore Drive, Oxnard, CA 93035. Adams formerly served as USSA's Senior Vice President of Operations and Support Services and an Area Vice President. Adams is now an officer of AG.

13. Defendant Lee Andrews ("Lee") is an individual who, on information and belief, resides in this District at 4141 Glencoe Avenue, Unit 201, Marina Del Rey, California 90292. In AI's filings with the California Secretary of State, Lee is identified as AG's Chief Executive Officer, Chief Financial Officer, Secretary, and registered agent. Lee is also Randy's son who, prior to his involvement in AI, had no apparent experience working in the security services industry.

14. Each of the defendants, including those sued as DOES 1 through 10 are persons whose identities are unknown to Andrews and who at all times relevant herein are or were the agents, servants, and/or employees of the above-named Defendants. Each of the DOE defendants was and is in some way responsible for, participated in, or contributed to the matters and things of which Andrews herein complains and, in some form and under some theory, is subject to liability therefor. When the exact nature and identity of such fictitious defendants are ascertained by Andrews, it will seek leave of the Court to amend this Complaint to set forth the same.

15. Andrews is informed and believes and based thereon alleges, that

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

12510819

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

defendants, and each of them, were and/or currently are the agents, employees, partners, joint venturers, co-conspirators, owners, principals, and/or employees of the remaining defendants, and each of them are, and at all times herein mentioned were, acting within the course and scope of that agency, partnership, employment, conspiracy, ownership and/or joint venture.  Andrews is further informed and believes and based thereon alleges that the acts and conduct herein alleged of each such defendant were known to, authorized by and/or ratified by the other defendants and each of them.  Andrews is further informed and believes and based thereon alleges that defendants, and each of them, were aware of, complicit in, cooperated with and/or unfairly benefitted from the wrongful conduct of each other defendant as alleged herein.

16.     Defendants AG, Randy, Lee, Anderson, Casillas, Adams, and DOES 1 through 10 are collectively referred to below in this Complaint as "Defendants."

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**Andrews, USSA, and Andrews International**

17.     Andrews and its related entities, are engaged in the highly competitive security services business.  They are a leading provider of security guard services to private and public entities and clients and have been in this business for more than 60 years.  Andrews and its related entities provide these services throughout the United States, including in Los Angeles, California.  Andrews and its related entities employ over 50,000 security professionals to serve several thousand customers, across a wide range of industries, and are known for their world-class customer service and accountability.

18.     In January 2012, APSI acquired AHC, including ACH's wholly-owned subsidiary, AII and all of AII's right, title and interest in and to certain intellectual property, including, the Andrews Marks. At the time, led by its founder Randy, AHC had been in the security services business for over two decades and had similarly

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

12510819

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

developed a reputation for world-class service and accountability.  In or around May 31, 2017, AII merged with and into Andrews, which is the current owner of the Andrews Marks. Since the acquisition, Andrews and its predecessors-in-interest have continuously used the Andrews Marks, both directly and through one or more licensees.

19.     Randy founded AII in 1988 and served as the Chairman, Chief Executive Officer ("CEO"), and President of AII for nearly thirty years.  Randy was still serving in these roles at the time APSI acquired ACH and Andrews's intellectual property rights in 2012.  Randy profited significantly from the sale of his business to APSI and did so with full knowledge that, in conjunction with the sale, he was selling to APSI the right to use the "ANDREWS" name in the future and all intellectual property rights.

**The Andrews Marks**

20.     Andrews is the owner of all right, title and interest in, to and under the Andrews Marks, including U.S. Reg. No. 3,298,140 for the mark ANDREWS INTERNATIONAL®, for use in connection with "security guard services, investigation or surveillance on background profiles; private investigations, detective investigations, occupational fraud and abuse investigations and intellectual property protection investigations" in Class 45.  U.S. Reg. No. 3,298,140 was registered on September 25, 2017, claiming a date of first use in commerce of March 17, 2006.

21.     In addition to the above-referenced registration, Andrews  is the owner of similar word and design marks incorporating the ANDREWS INTERNATIONAL® mark including, but not limited to, U.S. Reg. No. 3,292,953 (ANDREWS INTERNATIONAL and Design®) and U.S. Reg. No. 5,231,620 (ANDREWS INTERNATIONAL A U.S. SECURITY ASSOCIATES COMPANY and Design).

22.     The above-referenced registrations for the Andrews Marks are valid, subsisting, in full force and effect and, with respect to U.S. Reg. Nos. 3,298,140 and

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

12510819

3,292,953, have become incontestable pursuant to 15 U.S.C. § 1065.

23.  The Andrews Marks at issue in this case have been continuously used by Andrews and/or its licensees, and have never been abandoned.

24.  The above-referenced registrations constitute *prima facie* evidence of their validity and conclusive evidence of Andrews's exclusive right to use the Andrews Marks in connection with the services identified therein.

25.  The registrations of the Andrews Marks also provide sufficient constructive notice to Defendants of Andrews's ownership of and exclusive rights in the Andrews Marks.

26.  The Andrews Marks have become valuable assets of substantial and inestimable worth to Andrews.  The Andrews Marks are symbols of high quality, service, unique skill, and considerable goodwill in connection with Andrews's and its licensees' provision of security guard and investigative services in various fields, including private investigations, detective investigations, occupational fraud and abuse investigations, and intellectual property protection investigations.

27.  Andrews has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Andrews Marks.  As a result, the services associated with the Andrews Marks are widely recognized as being high quality and are exclusively associated by consumers, the public, and the trade with Andrews.  The Andrews Marks are inherently distinctive, but to the extent they are deemed not to be inherently distinctive, they have acquired strong secondary meaning prior to the actions of Defendants set forth herein.

28.  As a result of Andrews's and/or its licensees' continuous and extensive use of the Andrews Marks, the general public has come to strongly associate Andrews as the source or origin of the Andrews Marks and the services offered in connection therewith.  The Andrews Marks are extremely valuable and have developed a substantial amount of goodwill.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

12510819

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

**The Creation of Andrews Global**

29.    By late 2017 to early 2018, while he was still employed as an officer of USSA and Andrews, Randy, along with Lee, created a business to compete with Andrews and its related entities, for the marketing and provision of security services under the nearly-identical name of "Andrews Global."

30.    On December 29, 2017, Articles of Organization for "Andrews Global Security, LLC" were filed with the California Secretary of State.

31.    On March 22, 2018, Articles of Incorporation with a Statement of Conversion for AG were filed with the California Secretary of State.  The next month, a Statement of Information for AG was filed with the California Secretary of State.

32.    The AG website, https://www.andrewsglobalsecurity.com/, contains several references to Andrews International and USSA, in an apparent effort to promote AG and trade on Andrews's name and goodwill.  For example, the website explicitly refers to Anderson's service as "Andrews International's Senior Vice President of Special Events and Training."  Similarly, the AG website discusses its President of Operation's prior role as "Area Vice President for the Western region of Andrews      International      and      U.S.      Security      Associates  .  .  .  ." https://www.andrewsglobalsecurity.com/meet-the-team.

33.    Prior to the termination of his employment with USSA, Randy disclaimed knowledge of the existence of AG, claiming he was "[n]ot sure about Andrews Global," but that he did hear that "… others have started a new company." Two weeks later, Randy, from his personal email address of 23aiglobal@gmail.com – an apparent amalgamation of "Andrews International" and "Andrews Global" – claimed that he was "trying to make a decision between working with [Lee] in his small company" or accepting a position with a larger company.

**DEFENDANTS' ACTS OF INFRINGEMENT AND UNFAIR COMPETITION**

34.    Defendants are engaged in advertising, promoting, selling, and/or

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

12510819

offering for sale services under and in connection with marks and other source-identifying indicia that are studied imitations of the Andrews Marks, including but not limited to the mark and name Andrews Global (sometimes hereinafter referred to as the "Infringing Marks"). Defendants' specific conduct includes, among other things:

35. Since its formation in late 2017 or early 2018, Defendants have deliberately attempted to trade on the valuable goodwill and reputation of the Andrews Marks by adopting the name Andrews Global, which is substantially identical to the ANDREWS INTERNATIONAL® mark and confusingly similar to the other Andrews Marks. As of the date of the filing of this Complaint, Defendants continue to exploit the Andrews Marks without authorization from Andrews.

36. At all times pertinent to this matter, Defendants have advertised and promoted to the public their services using the Infringing Marks for the purpose of driving customers to their business and away from the businesses of Andrews and its related entities.

37. AG has attempted to exploit the goodwill that the Andrews Marks accumulated from over three decades of use, specifically with regard to Andrews's core Hollywood business. As of the date of the filing of this Complaint, AG's website advertises that "Andrews Global Security, Inc." has "more than 30 years in the Hollywood security business" and provides clients with "customized security solutions provided by highly experienced and well-trained security specialists." *See* https://www.andrewsglobalsecurity.com/about. The website continues to state that AG is "well-versed in the unique issues and specialized services required by [its] Hollywood clients." *See id*.

/ / /

/ / /

/ / /

/ / /

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

12510819

38.     Not only is AG trading on the Andrews name and goodwill, but in using the Infringing Marks, Defendants compound the likelihood of consumer confusion by using the same color scheme as Andrews International—gold, black, and white:

  

39.     AG holds itself out as a provider of the same or substantially the same security services that Andrews and its related entities provide.

40.     AG's website is replete with references to Andrews and its related entities, boasting that for over 20 years, "Andrews spearheaded innovations, such as the security industry's first anti-piracy unit, and created a state-of-the-art precision training center for security and law enforcement professionals.  Under his leadership, the company he co-founded grew to become a global leader in the security industry…." *See* https://www.andrewsglobalsecurity.com/meet-the-team.

41.     The website continues to state that Anderson "served as Andrews International's Senior Vice President of Special Events and Training, with responsibilities that included training a guard force of 2,000+ officers, planning and executing high-profile special events," and that Anderson "was instrumental in developing security officer training curricula and materials for the company's state-of-the art training center." *See id*.

42.     Defendants, because of their prior affiliation with and employment by AII and USSA, were well aware of Andrews and its rights in the Andrews Marks when they adopted the Infringing Marks.

43.     Defendants are also aware of the extraordinary fame and strength of the Andrews Marks, and the incalculable goodwill associated therewith.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

10

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

12510819

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

44.     Defendants have no license, authority, or other permission from Andrews to use any of the Andrews Marks, or any confusingly similar names or marks, on or in connection with the provision, selling, and/or offering for sale of security and related services.

45.     Andrews is informed and believes, and on that basis alleges, that Defendants adopted the Infringing Marks in a deliberate attempt to trade on the valuable goodwill and reputation of the Andrews Marks earned by Andrews through years of the marketing and provision of high-quality security services.

46.     Defendants have been engaging in the above-described illegal infringing activities knowingly and intentionally, with reckless disregard for Andrews's rights, or with bad faith, for the purpose of trading on the goodwill and reputation of the Andrews Marks.

47.     Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a common source between the services of Andrews and its licensees and those of Defendants and/or a connection or association between AG, the Infringing Marks, and Andrews.

48.     Upon information and belief, Defendants intend to continue to continue advertising, promoting, and using the Infringing Marks.

49.     In a letter dated February 18, 2019 (the "February 18th Letter"), a true and correct copy of which is attached hereto as **Exhibit A**, USSA addressed Defendants' "use of the mark 'Andrews Global' in connection with the marketing and provision of competing security services."   USSA affirmed that "[b]oth USSA/Andrews International's use of the Andrews International Marks" predated Defendants' use of the Infringing Marks, and that Defendants' actions were therefore "in violation of USSA/Andrews International's trademark rights."  (*See id.*)

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

12510819

50.     The February 18th letter advised Defendants that their use of the Infringing Marks had caused "actual consumer confusion" and is "likely to cause further consumer confusion, mistake, and deception among the relevant public into falsely believing that Andrews Global or its services are somehow affiliated … or … associated with USSA/Andrews International and/or its competing services." (*See id.*) USSA informed Defendants that their actions "have caused, and will continue to cause USSA/Andrews International commercial detriment, in terms of lost sales, goodwill, the inability to protect the integrity of the Andrews International Marks, and the general ability to communicate and transact with existing and potential customers." (*See id.*)

51.     In a letter dated March 1, 2019, counsel for AG advised that AG was not prepared to discontinue use of the Infringing Marks.

52.     Defendants have not ceased or refrained from use of the Andrews Marks, nor have they otherwise complied with the demands as set forth in the February 18th letter.

53.     Defendants continue to actively market and provide security services under the name "Andrews Global" and the Infringing Marks.

54.     Defendants' unauthorized use of the Infringing Marks has caused actual consumer confusion and is likely to cause further confusion, mistake, or deception as to the origin, sponsorship, or affiliation of the security services provided by AG.

55.     Defendants' use of the mark of Andrews Global in connection with the marketing and provision of competing security services has caused the public to falsely believe that AG or its services are affiliated, connected, endorsed by or in some other manner associated with Andrews or its related entities and is likely to cause further confusion.

56.     Confusion caused by Defendants' use of the Andrews Global mark has caused and/or is likely to cause irreparable harm to Andrews and the valuable

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

12510819

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  reputation it has developed through years of providing security services under the

2  Andrews Marks.

3      57.    Andrews is informed and believes, and on that basis alleges, that

4  Defendants have been unjustly enriched by and have unfairly benefited and profited

5  from Andrews's reputation and the goodwill symbolized by the Andrews Marks.

6      58.    The injuries and damages sustained by Andrews have been directly and

7  proximately caused by Defendants' wrongful marketing and provision of security

8  services under the Infringing Marks.

9      59.    Andrews is informed and believes, and on that basis alleges, that

10 Defendants' wrongful acts will continue unless enjoined by the Court.

11     60.    Andrews has no adequate remedy at law, and is suffering irreparable

12 harm and damages as a result of the above acts.

13                       **FIRST CAUSE OF ACTION**

14     **FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))**

15                       **(Against All Defendants)**

16     61.    Andrews re-alleges and incorporates the allegations contained in

17 paragraphs 1 through 60 of this Complaint as though fully set forth herein.

18     62.    Andrews is the owner of all right, title and interest in, to and under its

19 Andrews Marks, and all goodwill appurtenant thereto.

20     63.    Andrews's Federal trademark registrations described in paragraphs 16

21 and 17 are in full force and effect.

22     64.    The Andrews Marks have not been abandoned and are widely used by

23 Andrews and its licensees.  Andrews intends to preserve and maintain its rights to the

24 Andrews Marks and to continue the use of the Andrews Marks in connection with its

25 marketing and provision of security services.

26     65.    By virtue of the renown of the Andrews Marks, the Andrews Marks have

27 developed secondary meaning and significance in the mind of the relevant public and

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

12510819

1    such secondary meaning was developed prior to the Defendants infringing actions set

2    forth herein.

3         66.    Defendants' unauthorized use of the Andrews Global mark reproduces,

4    copies, and corroboratively imitates, and constitutes trademark infringement of the

5    Andrews Marks and is likely to cause confusion and mistake in the minds of the

6    purchasing public as to the source of services in violation of § 1114.

7         67.    Upon information and belief, Defendants acted with deliberate intent to

8    unfairly benefit from the incalculable goodwill inherent in the Andrews Marks.  The

9    foregoing acts of Defendants constitute willful and intentional infringement of the

10   Andrews Marks in total disregard of Andrews's proprietary rights, and were done

11   despite Defendants' knowledge that use of the Andrews Marks or any reproduction,

12   copy, or colorable imitation thereof was and is in direct contravention of Andrews's

13   rights.  Even though Defendants received notice of their infringement, Defendants

14   intentionally and willfully continue their unauthorized use of the Andrews Marks.

15   Andrews is therefore entitled to statutory and treble damages.

16        68.    Upon information and belief, Defendants have made and will continue to

17   make substantial profits and/or gains to which they are not in law or equity entitled.

18        69.    Upon information and belief, Defendants intend to continue their

19   infringing acts, unless restrained by this Court.

20        70.    As a direct and proximate cause of all of the conduct described above,

21   Andrews has been damaged in an amount to be proven at trial.

22        71.    Further, Andrews has no adequate remedy at law.  Defendants' conduct

23   has caused, and if not enjoined, will continue to cause, irreparable harm and damage

24   to the rights of Andrews and the Andrews Marks and to the business, reputation, and

25   goodwill of Andrews.

26

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

12510819

72.    By reason of the foregoing, Andrews is entitled to preliminary and permanent injunctive relief against Defendants, restraining further acts of trademark infringement.

**SECOND CAUSE OF ACTION**

**CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

**(Against All Defendants)**

73.    Andrews re-alleges and incorporates the allegations contained in paragraphs 1 through 72 of this Complaint as though fully set forth herein.

74.    This claim arises under the common law of California relating to trademark infringement, unfair competition, and palming off.   This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the Trademark Laws of the United States, and under the principles of supplemental jurisdiction as set forth at 28 U.S.C. § 1367.

75.    Andrews is the owner of, including all rights, title, and interest to, the distinctive trademarks, service marks, trade names, and all ancillary signs, symbols, or other indicia used in connection or conjunction with said marks used by Andrews by virtue of Andrews's extensive use and advertising of its Andrews Marks as set forth in the preceding paragraphs of this Complaint (also referred to as "Andrews's Common Law Trademarks").

76.    The infringing services of Defendants is an unauthorized use by Defendants of Andrews's Common Law Trademarks and as such constitutes trademark infringement and unfair competition.   It is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the infringing products and services and to cause the public to believe AG's infringing services are authentic and authorized products of Andrews when, in fact, they are not.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

12510819

77.     Upon information and belief, Andrews alleges that Defendants have intentionally appropriated one or more of Andrews's Common Law Trademarks with the intent of causing confusion, mistake, and deception as to the source of AG's services and products and/or affiliation with Andrews and with the intent to palm off their services and products as those of Andrews and/or affiliated with Andrews.  As such, Defendants have committed trademark infringement, unfair competition, and palming off under California common law.

78.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

79.     Upon information and belief, Defendants intend to continue their improper acts, unless restrained by this Court.

80.     As a direct and proximate cause of all of the conduct described above, Andrews has been damaged in an amount to be proven at trial.

81.     Further, Andrews has no adequate remedy at law.  The conduct of Defendants has caused, and if not enjoined, will continue to cause, irreparable harm and damage to the rights of Andrews and the Andrews Marks and to the business, reputation, and goodwill of Andrews.

82.     By reason of the foregoing, Andrews is entitled to preliminary and permanent injunctive relief against Defendants, restraining further acts of trademark infringement.

### **THIRD CAUSE OF ACTION**

### **FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTION (15 U.S.C. § 1125(a))**

### **(Against All Defendants)**

83.     Andrews re-alleges and incorporates the allegations contained in paragraphs 1 through 82 of this Complaint as though fully set forth herein.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

12510819

84.     Andrews's Marks, as set forth above, are distinctive, have been used throughout the United States and nationwide, and are well known to the trade and members of the relevant public.  The public generally associates and identifies the Andrews Marks with Andrews.

85.     Defendants' conduct in marketing, providing, and/or other use of the infringing services bearing the Andrews Marks and/or Andrews's Common Law Trademarks constitutes false designation of origin or sponsorship of those products and services, intends falsely to represent that said Marks originate from Andrews or that said products and services have been sponsored, approved, or licensed by Andrews or are in some way affiliated or connected with Andrews.  Such conduct of Defendants is likely to confuse, mislead, and deceive consumers and members of the public as to the source or origin of the services and/or trademarks or cause such persons to believe that those services and/or AG are sponsored, approved, authorized, or in some way affiliated or connected with Andrews, all in violation of 15 U.S.C. §1125(a).

86.     Upon information and belief, Andrews alleges that Defendants' actions were done willfully with full knowledge of the falsity of such designations of origin and false descriptions or representations and with the express intent to cause confusion and to mislead and deceive the purchasing public.

87.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

88.     Upon information and belief, Defendants intend to continue their improper acts, unless restrained by this Court.

89.     As a direct and proximate cause of all of the conduct described above, Andrews has been damaged in an amount to be proven at trial.

90.     Further, Andrews has no adequate remedy at law.  The conduct of Defendants has caused, and if not enjoined, will continue to cause, irreparable harm

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

12510819

and damage to the rights of Andrews and the Andrews Marks and to the business, reputation, and goodwill of Andrews.

91.     By reason of the foregoing, Andrews is entitled to preliminary and permanent injunctive relief against Defendants, restraining further acts of trademark infringement.

## FOURTH CAUSE OF ACTION

### UNFAIR COMPETITION (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

### (Against All Defendants)

92.     Andrews re-alleges and incorporates the allegations contained in paragraphs 1 through 91 of this Complaint as though fully set forth herein.

93.     The conduct of Defendants as herein alleged constitutes unfair methods of competition in violation of the provisions of Sections 17200 et seq. of the California Business and Professions Code and the common law of the State of California.  The acts and conduct of Defendants complained of herein have caused Andrews irreparable injury and will, unless restrained, further impair the value of the Andrews Marks and Andrews's trade name, reputation, and goodwill.  Andrews has no adequate remedy at law.

94.     Andrews is informed and believes that Defendants have unlawfully obtained profits through their acts of unfair competition.  Defendants should be forced to disgorge such unlawful profits to Andrews.

95.     Further, Andrews has no adequate remedy at law.  The conduct of Defendants has caused, and if not enjoined, will continue to cause, irreparable harm and damage to the rights of Andrews and the Andrews Marks and to the business, reputation, and goodwill of Andrews.

## PRAYER FOR RELIEF

**WHEREFORE**, Andrews prays for judgment against Defendants, and each of them, as follows:

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1.     Finding that: (i) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); (ii) Defendants have engaged in trademark infringement under the common law of California; and (iii) Defendants have engaged in unfair competition in violation of California common law and the California Business and Professions Code;

2.     A declaration that Defendants have infringed the Andrews Marks;

3.     Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1116, preliminarily and permanently restraining and enjoining Defendants and their officers, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, and any person having knowledge of such injunction, from:

a.     using any reproduction, counterfeit, copy, or colorable imitation of the Andrews Marks in connection with selling goods or rendering services not authorized by Andrews;

b.     engaging in any course of conduct likely to cause confusion, deception or mistake, to weaken the distinctive quality of the Andrews Marks, or to injure or diminish the goodwill of the Andrews Marks;

c.     further infringing the Andrews Marks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any goods or services not authorized by Andrews that bear any simulation, reproduction, counterfeit, copy or colorable imitation of the Andrews Marks;

d.     using any simulation, reproduction, counterfeit, copy or colorable imitation of the Andrews Marks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized goods or services in such fashion as to relate or connect, or tend to

relate or connect, such goods or services in any way to Andrews, or to any services offered, sponsored, or approved by or connected with Andrews, including on web sites and social media;

      e.    engaging in any conduct constituting an infringement of the Andrews Marks, of Andrews's rights in, or to use or to exploit the Andrews Marks, or constituting any weakening of the Andrews Marks or the goodwill symbolized therein;

      f.    effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (e);

4.    Requiring Defendants to destroy and/or revise all unauthorized materials infringing on the Andrews Marks in association with unauthorized goods or services and the means for production of same pursuant to 15 U.S.C. § 1118;

5.    Requiring Defendants to recall any materials and to deliver to Andrews for destruction or other disposition all remaining inventory bearing Infringing Marks, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

6.    An order directing that this Court retain jurisdiction of this Action for the purpose of enabling Andrews to apply to the Court at any time for such further orders and interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof;

7.    Requiring Defendants to file with this Court and serve on Andrews's counsel, within thirty (30) days after entry of an injunction, a report under oath setting forth in detail the manner and form in which Defendants have complied with the injunction, pursuant to 15 U.S.C. § 1116(a);

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

12510819

8.     Awarding Andrews statutory damages of two million dollars ($2,000,000) per infringing mark, per type of infringing good in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) or alternatively, and at Andrews's request, ordering Defendants to account to and pay to Andrews all profits realized by their wrongful acts and also awarding Andrews its actual damages, and also directing that such profits or actual damages be trebled, in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117)

9.     Awarding Andrews actual and punitive damages to which it is entitled under applicable federal and state laws;

10.    Awarding Andrews its costs, attorneys' fees, investigatory fees, and expenses to the full extent authorized by law;

11.    Restitution for Defendants' unjust enrichment as a result of the conduct complained of herein, including disgorgement of wrongfully obtained profits and any other appropriate relief;

12.    Awarding Andrews pre-judgment and post-judgment interest on any monetary award made part of the judgment against Defendants as authorized by law;

13.    Awarding Andrews such additional and further relief as the Court may deem just and proper, including all remedies provided for in 15 U.S.C. § 1117 and any other law.

Dated: March 19, 2019

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By:  */s/ Kazim A. Naqvi*

Keith D. Klein
Kazim A. Naqvi
Jasdeep S. Atwal
Attorneys for Plaintiff
ANDREWS INTERNATIONAL
GOVERNMENT SERVICES, INC.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

12510819