1   David G. Jones, Esq., No. 186507
      *djones@santiagojoneslaw.com*
2   Artemio M. Santiago, Esq., No. 180630
      *asantiago@santiagojoneslaw.com*
3   Alex V. Vo, Esq., No. 283606
      *avo@santiagojoneslaw.com*
4   **SANTIAGO & JONES**
    21300 Victory Blvd., Suite 810
5   Telephone: (818) 657-5600
    Facsimile: (818) 657-5605
6
7   Attorneys for Defendants, ANDREWS GLOBAL SECURITY, INC., RANDY
    ANDREWS, LEE ANDREWS, DON ANDERSON, GEORGE CASILLAS, and
    JOHN ADAMS
8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

12   ANDREWS INTERNATIONAL                    Case No.  2:19-cv-02042-DSF (MRWx)
     GOVERNMENT SERVICES, INC.,
13
                 Plaintiff,                   **DEFENDANTS' ANSWER TO**
14                                            **PLAINTIFF'S COMPLAINT**
     v.
15
     ANDREWS GLOBAL SECURITY,
16   INC., a California corporation;          [DEMAND FOR JURY TRIAL]
     RANDY ANDREWS, an individual;
17   LEE ANDREWS, an individual;
     DON ANDERSON, an individual;
18   GEORGE CASILLAS, an
     individual; JOHN ADAMS, an
19   individual; and DOES 1 through 10,
     inclusive,
20
                 Defendants.
21

22

23        Defendants Andrews Global Security, Inc., Randy Andrews, Lee Andrews,

24   Don Anderson, George Casillas and John Adams (collectively, "Defendants")

25   hereby answer the Complaint for Damages and Injunctive Relief ("Complaint")

26   filed in this matter by Plaintiff Andrews International Government Services, Inc.

27   ("Plaintiff").

28   / / /

## **SUMMARY**

1.     Answering Paragraph 1 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and on that basis denies each and every allegation contained therein.

2.     Answering Paragraph 2 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and on that basis denies each and every allegation contained therein.

3.     Answering Paragraph 3 of the Complaint, Defendants deny each and every allegation contained therein.

4.     Answering Paragraph 4 of the Complaint, Defendants deny each and every allegation contained therein.

## **JURISDICTION**

5.     Answering Paragraph 5 of the Complaint, Defendants admit that this court has jurisdiction over the causes of action arising under the Lanham Trademark Act of 1946, as amended, 15 U.S.C. §1051 et seq., and the pursuant to the provisions of 15 U.S.C. §§ 1114(1) and 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1338(b). This court also has supplemental jurisdiction over all related state law claims alleged herein pursuant to 28 U.S.C. § 1367(a) because such claims are so related to the claims within this court's original jurisdiction that they form part of the same case or controversy.

6.     Answering Paragraph 6 of the Complaint, Defendants admit that venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) and that Defendants are subject to this court's personal jurisdiction.

## **PARTIES**

7.     Answering Paragraph 7 of the Complaint, Defendants admit the allegations contained therein.

8.     Answering Paragraph 8 of the Complaint, Defendants admit the allegations contained therein.

9.     Answering Paragraph 9 of the Complaint, Defendants admit the allegations that, "Defendant Randy Andrews ("Randy") is an individual who… resides in this District at 624 6th Street, Manhattan Beach, California 90266," and that "Randy was the Chairman, Chief Executive Officer, and President of Andrews International for almost 30 years." Defendants deny all other allegations contained therein.

10.     Answering Paragraph 10 of the Complaint, Defendants admit the allegations that, "Defendant Don Anderson ("Anderson") is an individual who… resides in this District at 16149 Whitespring Drive, Whittier, California 90604," and that "Anderson formerly served as USSA's Senior Vice President of Special Events and Training. Defendants deny all other allegations contained therein.

11.     Answering Paragraph 11 of the Complaint, Defendants admit the allegations that, "Defendant George Casillas ("Casillas") is an individual who… resides in this District at 11463 Winchell Street, Whittier, California 90606," and that "Casillas formerly served as USSA's Director of Recruiting." Defendants deny all other allegations contained therein.

12.     Answering Paragraph 12 of the Complaint, Defendants admit the allegations that, "Defendant John Adams ("Adams") is an individual who… resides in this District at 258 Rossmore Drive, Oxnard, CA 93035," and that "Adams formerly served as USSA's Senior Vice President of Operations and Support Services and an Area Vice President." Defendants deny all other allegations contained therein.

13.     Answering Paragraph 13 of the Complaint, Defendants admit the allegations that, "Defendant Lee Andrews ("Andrews") is an individual who… resides in this District at 4141 Glencoe Avenue, Unit 201, Marina Del Rey, California 90292," that "[i]n [Andrews Global Security, Inc.'s] filings with the

California Secretary of State, Lee is identified as [Andews Global Security, Inc.'s] Chief Executive Officer, Chief Financial Officer, Secretary, and registered agent," and that "Lee is also [Randy Andrews'] son." Defendants deny all other allegations contained therein.

14.   Answering Paragraph 14 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and on that basis denies each and every allegation contained therein.

15.   Answering Paragraph 15 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and on that basis denies each and every allegation contained therein.

16.   Answering Paragraph 16 of the Complaint, Defendants admit the allegations that they and DOES 1 through 10 are collectively referred to in the Complaint as "Defendants," but are without knowledge or information sufficient to form a belief as to the truth of whether they are or are in any way associated with any persons who do or who at any point might constitute any one of DOES 1 through 10 and therefore deny any such allegations.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

17.   Answering Paragraph 17 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and on that basis denies each and every allegation contained therein.

18.   Answering Paragraph 18 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and on that basis denies each and every allegation contained therein.

/ / /

19.     Answering Paragraph 19 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and on that basis denies each and every allegation contained therein.

20.     Answering Paragraph 20 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and on that basis denies each and every allegation contained therein.

21.     Answering Paragraph 21 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and on that basis denies each and every allegation contained therein.

22.     Answering Paragraph 22 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and on that basis denies each and every allegation contained therein.

23.     Answering Paragraph 23 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and on that basis denies each and every allegation contained therein.

24.     Answering Paragraph 24 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and on that basis denies each and every allegation contained therein.

25.     Answering Paragraph 25 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and on that basis denies each and every allegation contained therein.

26.     Answering Paragraph 26 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and on that basis denies each and every allegation contained therein.

27.     Answering Paragraph 27 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and on that basis denies each and every allegation contained therein.

28.     Answering Paragraph 28 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and on that basis denies each and every allegation contained therein.

29.     Answering Paragraph 29 of the Complaint, Defendants deny each and every allegation contained therein.

30.     Answering Paragraph 30 of the Complaint, Defendants admit the allegations contained therein.

31.     Answering Paragraph 31 of the Complaint, Defendants admit the allegations contained therein.

32.     Answering Paragraph 32 of the Complaint, Defendants admit the allegations that, "the [Andrews Global Security, Inc.] website refers to [Don] Anderson's service as 'Andrews International's Senior Vice President of Special Events and Training," and that "the [Andrews Global Security, Inc.] website discusses its President of Operation's prior role as "Vice President for the Western region of Andrews International and U.S. Security Associates." Defendants deny all other allegations contained therein.

33.     Answering Paragraph 33 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and on that basis denies each and every

allegation contained therein.

## DEFENDANTS' ACTS OF INFRINGEMENT AND UNFAIR COMPETITION

34.     Answering Paragraph 34 of the Complaint, Defendants deny each and every allegation contained therein.

35.     Answering Paragraph 35 of the Complaint, Defendants deny each and every allegation contained therein.

36.     Answering Paragraph 36 of the Complaint, Defendants deny each and every allegation contained therein.

37.     Answering Paragraph 37 of the Complaint, Defendants deny each and every allegation contained therein.

38.     Answering Paragraph 38 of the Complaint, Defendants deny each and every allegation contained therein.

39.     Answering Paragraph 39 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and on that basis denies each and every allegation contained therein.

40.     Answering Paragraph 40 of the Complaint, Defendants admit the allegations that Andrew Global Security, Inc.'s website states that, "[o]ver the next 20 years, Randy Andrews spearheaded innovations, such as the security industry's first anti-piracy unit, and created a state-of-the-art precision training center for security and law enforcement professionals. Under his leadership, the company he co-founded grew to become a global leader in the security industry…." Defendants deny all other allegations contained therein.

41.     Answering Paragraph 41 of the Complaint, Defendants admit the allegations contained therein.

42.     Answering Paragraph 42 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in this Paragraph and on that basis denies each and every allegation contained therein.

43.     Answering Paragraph 43 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and on that basis denies each and every allegation contained therein.

44.     Answering Paragraph 44 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and on that basis denies each and every allegation contained therein.

45.     Answering Paragraph 45 of the Complaint, Defendants deny each and every allegation contained therein.

46.     Answering Paragraph 46 of the Complaint, Defendants deny each and every allegation contained therein.

47.     Answering Paragraph 47 of the Complaint, Defendants deny each and every allegation contained therein.

48.     Answering Paragraph 48 of the Complaint, Defendants deny each and every allegation contained therein.

49.     Answering Paragraph 49 of the Complaint, Defendant admit that Plaintiff sent the letter dated February 18, 2019 and attached to the Complaint as Exhibit "A" making the allegations contained and referenced in this Paragraph. As to the truth of the allegations contained in the February 18, 2019 letter and referenced in this Paragraph, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations on that basis denies them.

50.     Answering Paragraph 50 of the Complaint, Defendant admit that Plaintiff sent the letter dated February 18, 2019 and attached to the Complaint as Exhibit "A" making the allegations contained and referenced in this Paragraph. As to the truth of the allegations contained in the February 18, 2019 letter and

1  referenced in this Paragraph, Defendants are without knowledge or information

2  sufficient to form a belief as to the truth of the allegations on that basis denies them.

3       51.    Answering Paragraph 51 of the Complaint, Defendants deny each and

4  every allegation contained therein as phrased.

5       52.    Answering Paragraph 52 of the Complaint, Defendants deny each and

6  every allegation contained therein.

7       53.    Answering Paragraph 53 of the Complaint, Defendants deny each and

8  every allegation contained therein.

9       54.    Answering Paragraph 54 of the Complaint, Defendants deny each and

10  every allegation contained therein.

11       55.    Answering Paragraph 55 of the Complaint, Defendants deny each and

12  every allegation contained therein.

13       56.    Answering Paragraph 56 of the Complaint, Defendants deny each and

14  every allegation contained therein.

15       57.    Paragraph 57 of the Complaint is argumentative and constitutes a legal

16  conclusion and, as such, does not require a response. Nevertheless, Defendants

17  deny each and every allegation contained therein.

18       58.    Paragraph 58 of the Complaint is argumentative and constitutes a legal

19  conclusion and, as such, does not require a response. Nevertheless, Defendants

20  deny each and every allegation contained therein.

21       59.    Answering Paragraph 59 of the Complaint, Defendants deny each and

22  every allegation contained therein.

23       60.    Paragraph 60 of the Complaint is argumentative and constitutes a legal

24  conclusion and, as such, does not require a response. Nevertheless, Defendants

25  deny each and every allegation contained therein.

26  / / /

27  / / /

28  / / /

**FIRST CAUSE OF ACTION**

**FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))**

**(Against All Defendants)**

61.     Paragraph 61 of the Complaint is simply an incorporation of all allegations made in the prior Paragraphs of the Complaint and is therefore compound, argumentative, and constitutes legal conclusions and does not require a response. Nevertheless, Defendants respond by stating that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained or referenced in this Paragraph and on that basis denies each and every allegation contained and/or referenced therein except as to those matters explicitly admitted to by Defendants.

62.     Answering Paragraph 62 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and on that basis denies each and every allegation contained therein.

63.     Answering Paragraph 63 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and on that basis denies each and every allegation contained therein.

64.     Answering Paragraph 64 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and on that basis denies each and every allegation contained therein.

65.     Answering Paragraph 65 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and on that basis denies each and every allegation contained therein.

/ / /

66.     Answering Paragraph 66 of the Complaint, Defendants deny each and every allegation contained therein.

67.     Answering Paragraph 67 of the Complaint, Defendants deny each and every allegation contained therein.

68.     Answering Paragraph 68 of the Complaint, Defendants deny each and every allegation contained therein.

69.     Answering Paragraph 69 of the Complaint, Defendants deny each and every allegation contained therein.

70.     Paragraph 70 of the Complaint is argumentative and constitutes a legal conclusion and, as such, does not require a response. Nevertheless, Defendants deny each and every allegation contained therein.

71.     Paragraph 71 of the Complaint is argumentative and constitutes a legal conclusion and, as such, does not require a response. Nevertheless, Defendants deny each and every allegation contained therein.

72.     Paragraph 72 of the Complaint is argumentative and constitutes a legal conclusion and, as such, does not require a response. Nevertheless, Defendants deny each and every allegation contained therein.

## SECOND CAUSE OF ACTION

## CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

### (Against All Defendants)

73.     Paragraph 73 of the Complaint is simply an incorporation of all allegations made in the prior Paragraphs of the Complaint and is therefore compound, argumentative, and constitutes legal conclusions and does not require a response. Nevertheless, Defendants respond by stating that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained or referenced in this Paragraph and on that basis denies each and every allegation contained and/or referenced therein except as to those matters

1    explicitly admitted to by Defendants.

2        74.    Answering Paragraph 74 of the Complaint, Defendants admit that this

3    court has jurisdiction over the subject matter of Plaintiff's second cause of action

4    for "California Common Law Trademark Infringement and Unfair Competition"

5    pursuant to 28 U.S.C. § 1367(a) because such claims are so related to the claims

6    within this court's original jurisdiction that they form part of the same case or

7    controversy.

8        75.    Answering Paragraph 75 of the Complaint, Defendants are without

9    knowledge or information sufficient to form a belief as to the truth of the

10   allegations contained in this Paragraph and on that basis denies each and every

11   allegation contained therein.

12       76.    Answering Paragraph 76 of the Complaint, Defendants deny each and

13   every allegation contained therein.

14       77.    Answering Paragraph 77 of the Complaint, Defendants deny each and

15   every allegation contained therein.

16       78.    Paragraph 78 of the Complaint is argumentative and constitutes a legal

17   conclusion and, as such, does not require a response. Nevertheless, Defendants

18   deny each and every allegation contained therein.

19       79.    Paragraph 79 of the Complaint is argumentative and constitutes a legal

20   conclusion and, as such, does not require a response. Nevertheless, Defendants

21   deny each and every allegation contained therein.

22       80.    Paragraph 80 of the Complaint is argumentative and constitutes a legal

23   conclusion and, as such, does not require a response. Nevertheless, Defendants

24   deny each and every allegation contained therein.

25       81.    Paragraph 81 of the Complaint is argumentative and constitutes a legal

26   conclusion and, as such, does not require a response. Nevertheless, Defendants

27   deny each and every allegation contained therein.

28   / / /

82.     Paragraph 82 of the Complaint is argumentative and constitutes a legal conclusion and, as such, does not require a response. Nevertheless, Defendants deny each and every allegation contained therein.

## THIRD CAUSE OF ACTION

## FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTION

## (15 U.S.C. § 1125(a))

### (Against All Defendants)

83.     Paragraph 83 of the Complaint is simply an incorporation of all allegations made in the prior Paragraphs of the Complaint and is therefore compound, argumentative, and constitutes legal conclusions and does not require a response. Nevertheless, Defendants respond by stating that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained or referenced in this Paragraph and on that basis denies each and every allegation contained and/or referenced therein except as to those matters explicitly admitted to by Defendants.

84.     Answering Paragraph 84 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and on that basis denies each and every allegation contained therein.

85.     Answering Paragraph 85 of the Complaint, Defendants deny each and every allegation contained therein.

86.     Answering Paragraph 86 of the Complaint, Defendants deny each and every allegation contained therein.

87.     Paragraph 87 of the Complaint is argumentative and constitutes a legal conclusion and, as such, does not require a response. Nevertheless, Defendants deny each and every allegation contained therein.

/ / /

/ / /

88.     Paragraph 88 of the Complaint is argumentative and constitutes a legal conclusion and, as such, does not require a response. Nevertheless, Defendants deny each and every allegation contained therein.

89.     Paragraph 89 of the Complaint is argumentative and constitutes a legal conclusion and, as such, does not require a response. Nevertheless, Defendants deny each and every allegation contained therein.

90.     Paragraph 90 of the Complaint is argumentative and constitutes a legal conclusion and, as such, does not require a response. Nevertheless, Defendants deny each and every allegation contained therein.

91.     Paragraph 91 of the Complaint is argumentative and constitutes a legal conclusion and, as such, does not require a response. Nevertheless, Defendants deny each and every allegation contained therein.

## FOURTH CAUSE OF ACTION

**UNFAIR COMPETITION (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

**(Against All Defendants)**

92.     Paragraph 92 of the Complaint is simply an incorporation of all allegations made in the prior Paragraphs of the Complaint and is therefore compound, argumentative, and constitutes legal conclusions and does not require a response. Nevertheless, Defendants respond by stating that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained or referenced in this Paragraph and on that basis denies each and every allegation contained and/or referenced therein except as to those matters explicitly admitted to by Defendants.

93.     Answering Paragraph 93 of the Complaint, Defendants deny each and every allegation contained therein.

94.     Paragraph 94 of the Complaint is argumentative and constitutes a legal conclusion and, as such, does not require a response. Nevertheless, Defendants deny each and every allegation contained therein.

95.     Paragraph 95 of the Complaint is argumentative and constitutes a legal conclusion and, as such, does not require a response. Nevertheless, Defendants deny each and every allegation contained therein.

96.     Defendants deny the allegations of Paragraph 19 of the Complaint.

## **PRAYER FOR RELIEF**

97.     Defendants deny that that Plaintiff is entitled to any of the relief it requests throughout Paragraphs 1 through 13 of its Prayer for Relief.

## **AFFIRMATIVE DEFENSES**

As separate and distinct defenses to each of the claims set forth in Plaintiff's Complaint, Defendants set forth the following affirmative defendants and assert that each are at issue, or are expected to be at issue, either at the time of the filing of this Answer, after Plaintiff makes its initial disclosures under Federal Rule of Civil Procedure Section 26(a), and/or after there has been an opportunity to conduct discovery.

## **FIRST AFFIRMATIVE DEFENSE**
### (Failure to State a Claim)

1.     The Complaint fails to state a claim for which relief can be granted.

## **SECOND AFFIRMATIVE DEFENSE**
### (Equitable Estoppel)

2.     Plaintiff's claims and corresponding requests for relief are barred by the doctrine of equitable estoppel.

/ / /

/ / /

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRD AFFIRMATIVE DEFENSE**

(Lack of Copyright Ownership)

3.      Plaintiff's claims relating to Defendants' alleged copyrights, and Plaintiff's other claims based thereon, fail because Plaintiff has not shown that it owns each and every one of the copyright registrations identified in (but not attached to) the Complaint. Plaintiff is not entitled to the presumption of validity for its copyright registrations since at least some of the certificates of registrations were made well more than five (5) years after the alleged dates of first publication of the works on the registration forms. *See*, 17 U.S.C. § 410(c). Therefore, in the absence of proving that it owns the copyrights at issue, Plaintiff cannot prevail on its copyright infringement claims.

**FOURTH AFFIRMATIVE DEFENSE**

(First Amendment)

4.      Plaintiff's claims relating to its asserted copyrights and trademarks, and Plaintiff's other claims based thereon, are barred by the free exercise clause of the First Amendment to the U.S. Constitution and/or the freedom of expression protected by the First Amendment to the U.S. Constitution.

**FIFTH AFFIRMATIVE DEFENSE**

(Express or Implied License for Plaintiff's Alleged Copyrights)

5.      Plaintiff's claims relating to its alleged copyrights, and Plaintiff's other claims based thereon, are barred by an express and/or implied license granted to Defendants to use, make copies of, and/or distribute the allegedly copyrighted works without restriction.

/ / /

/ / /

/ / /

**SIXTH AFFIRMATIVE DEFENSE**

(Marks are Descriptive)

6.      Plaintiff's claims relating to Plaintiff's claimed marks, and Plaintiff's other claims based thereon, are barred because Plaintiff's claimed marks describe the types of the services or products that it provides and therefore fail to show any distinctiveness.

**SEVENTH AFFIRMATIVE DEFENSE**

(No Trademark Infringement/Likelihood of Confusion)

7.      Plaintiff's claims relating to its alleged trademarks, and Plaintiff's other claims based thereon, fail because Defendants' clearly indicate the source of their services and/or products such that the relevant purchasing public would not be confused into thinking Defendants' services and/or products are Plaintiff's. In addition, Plaintiff's services and/or products indicate that they are from Plaintiff and, as such, there is no likelihood of confusion.

**EIGHTH AFFIRMATIVE DEFENSE**

(Lack of Trademark Ownership/Not Subject to Trademark)

8.      Plaintiff's claims relating to its alleged trademarks, and Plaintiff's other claims based thereon, are barred because Plaintiff cannot prove ownership of its claimed marks, since most, if not all, of Plaintiff's claimed marks, if they are even trademarks, have been used in commerce by other entities since prior to the time Plaintiff claims its first use of such marks.

**NINTH AFFIRMATIVE DEFENSE**

(Speculative Damages)

9.      To the extent Plaintiff has suffered any damages, which is denied, any such damages are speculative and uncertain.

**TENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

10.     Plaintiff failed to mitigate or minimize damages, if there were any, in that Plaintiff failed to properly maintain, or otherwise conduct its activities, and otherwise failed to take adequate measures to minimize its purported harm, if any.

**ELEVENTH AFFIRMATIVE DEFENSE**

(No Statutory Damages or Attorneys' Fees – 17 U.S.C. § 412)

11.     17 U.S.C. § 412 bars Plaintiff from obtaining statutory damages or attorneys' fees for the alleged copyright infringement.

**TWELFTH AFFIRMATIVE DEFENSE**

(Lack of Causation)

12.     To the extent any infringements or unfair competition occurred, which Defendants deny, Plaintiff is not entitled to recover any damages due to lack of causation. Because there are numerous other entities in the market, Plaintiff cannot show that "but for" Defendants' presence in the market, Plaintiff would have made the allegedly lost sales.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(No Willing Infringement)

13.     Defendants at all times acted in good faith, have not infringed the copyrights or trademarks marks at issue, have not willfully infringed the copyrights or trademarks at issue, and have not engaged in any type of unfair competition or willfully unfair competition.

/ / /

/ / /

/ / /

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Fair Use)

14.   Based on the all of the foregoing affirmative defenses and denials of the allegations in the Complaint, the contents of which are incorporated herein by reference, Defendants have at all times made a fair use of the marks for which copyright protection is claimed.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

15.   Based on the all of the foregoing affirmative defenses and denials of the allegations in the Complaint, the contents of which are incorporated herein by reference, Plaintiff is barred from any and all recovery related to its claims in this case because of its unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Intent to Injure Competition/Restraint of Free Trade)

16.   Based on the all of the foregoing affirmative defenses and denials of the allegations in the Complaint, the contents of which are incorporated herein by reference, Plaintiff has used, and continues to use, whatever copyright rights it may have, the existence of which are specifically denied, with the intent of restraining trade and injuring competition, such that Plaintiff's alleged copyright rights are unenforceable in this action (if not in general).

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Valid Competition)

17.   Based on the all of the foregoing affirmative defenses and denials of the allegations in the Complaint, the contents of which are incorporated herein by reference, some or all of Plaintiff's claims for relief in the Complaint are barred

1   because the conduct alleged by Plaintiff was privileged to the extent that

2   Defendants may be considered a competitor of Plaintiff and the actions alleged

3   concern matters within the scope of such privilege.

4

5   Dated: May 13, 2019                    Respectfully submitted,

6                                          **SANTIAGO & JONES**

7
                                           By:
8                                          /s/  Alex V. Vo_____

9                                          David G. Jones
                                           Artemio M. Santiago
10                                         Alex V. Vo
                                           Attorneys for Defendants Andrews
11                                         Global Security, Inc., Randy Andrews,
                                           Lee Andrews, Don Anderson, George
12                                         Casillas, and John Adams

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Defendants hereby request a trial by jury on all the triable issues raised in this Answer, Affirmative Defenses, and Counterclaim and in the Complaint.

Dated: May 13, 2019                                    Respectfully submitted,

                                                                    **SANTIAGO & JONES**

                                                                    By:
                                                                    /s/  Alex V. Vo
                                                                    David G. Jones
                                                                    Artemio M. Santiago
                                                                    Alex V. Vo
                                                                    Attorneys for Defendants Andrews
                                                                    Global Security, Inc., Randy Andrews,
                                                                    Lee Andrews, Don Anderson, George
                                                                    Casillas, and John Adams

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**          ]
                                         ] ss.
**COUNTY OF LOS ANGELES**     ]

    I Annabelle Hanshaw am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 21300 Victory Blvd., Suite 810, Woodland Hills, California 91367.

    On May 13, 2019, I served upon all interested parties in this action the foregoing document(s) described as: **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT,** on the party or parties named below, in Case No.: **2:19-cv-02042-DSF (MRWx)**.

    ___X___ By mail, following ordinary business practice, placing a true copy thereof enclosed in a sealed envelope, for collection and mailing with the United States Postal Service where it would be deposited for first class delivery, postage thereon fully prepaid, in the United States Postal Service that same day in the ordinary course of business, addressed as follows.

    _____ By Golden State Overnight, I am familiar with the collection and processing practices of said business, and in the ordinary course of business, Golden State Overnight packages are enclosed in sealed envelopes with a packing slip attached thereto, prepaid by our firm and picked up by Golden State Overnight.

    _____ By electronic transmission from my email of ahanshaw@santiagojoneslaw.com to the e-mail address(s) set forth herein.

    Keith D. Klein, Esq.
    Jasdeep S. Atwal, Esq.
    Kazim A. Naqvi, Esq.
    BRYAN CAVE LEIGHTON PAISNER LLP
    120 Broadway, Suite 300
    Santa Monica, CA 90401

    Attorneys for Plaintiff ANDREWS INTERNATIONAL GOVERNMENT SERVICES, INC.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this declaration is executed May 13, 2019, at Woodland Hills, California.

                                                        Annabelle Hanshaw

**PROOF OF SERVICE**